J-S55025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM EARL SMITH, | |
| Appellant | No. 373 WDA 2015 |

Appeal from the PCRA Order Entered February 4, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000917-2012

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED OCTOBER 16, 2015**

Appellant, William Earl Smith, appeals *pro se* from the order dismissing his petition for relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.  After careful review, we affirm.

On August 7, 2012, a jury convicted Appellant of two counts of aggravated assault, two counts of simple assault, possession of a firearm prohibited, firearms not to be carried without a license, terroristic threats, and two counts of reckless endangerment.  The jury acquitted Appellant of robbery, two counts of attempted aggravated assault, and impersonating a public servant.  On August 17, 2012, the trial court sentenced Appellant to an aggregate term of 7-20 years' incarceration.  Appellant filed a timely

_____

[*] Retired Senior Judge assigned to the Superior Court.

appeal, raising three sufficiency-of-the-evidence claims. On March 12, 2013, this Court affirmed the judgment of sentence. **Commonwealth v. Smith**, 69 A.3d 1290 (Pa. Super. 2013) (unpublished memorandum). Appellant did not petition our Supreme Court for further review.

Appellant filed a timely, *pro se* PCRA petition on March 10, 2014.[1] The lower court appointed Attorney James V. Natale as PCRA counsel. However, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988), Attorney Natale filed a no-merit letter and petition to withdraw on July 16, 2014, and an amended no-merit letter and petition to withdraw on September 29, 2014. The PCRA Court granted Attorney Natale's petition to withdraw on October 9, 2014.

The PCRA court issued notice of its intent to deny Appellant's PCRA petition pursuant to Pa.R.Crim.P. 907, to which Appellant filed a timely response, prompting the court to hold an in-court PCRA hearing on December 4, 2014, as well as a by-video PCRA hearing on January 29, 2015. On February 4, 2015, the PCRA court issued an Opinion and Order

_____

[1] In order to be deemed timely, a petition for post-conviction relief, including a second or subsequent one, must "be filed within one year of the date the judgment of sentence becomes final[.]" 42 Pa.C.S. § 9545(b)(1). Because Appellant filed his petition within one year of our March 12, 2013 decision affirming his judgment of sentence, his PCRA was patently timely.

- 2 -

dismissing Appellant's PCRA petition. Appellant filed a timely appeal, and now presents the following questions for our review, *verbatim*:

> I. APPELLANT CLAIMED THAT HIS ATTORNEY AT TRIAL, MICHALE GAROFOLO, WAS INEFFECTIVE AND DID NOT HAVE HIS CLIENT'S BEST INTEREST.
>
> II. APPELLANT ALSO BELIEVES HIS ATTORNEY PREJUDICED HIM BY FAILING TO CALL CHANTAL RANDOLPH BEFORE TRIAL AND AT TRIAL TO PROVE CONSENT WAS NEVER GIVEN FREELY.
>
> III. WHETHER POLICE HAD PROBABLE CAUSE TO ARREST APPELLANT BEFORE HE COULD BE IDENTIFIED AND BEFORE ANY ALLEGED EVIDENCE WAS DISCOVERED.

Appellant's Brief, at 2 (unnumbered pages).

Initially, we note that "[o]ur standard of review is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." ***Commonwealth v. Busanet***, 54 A.3d 35, 45 (Pa. Super. 2015). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." ***Id.***

Although Appellant presents three questions for our review, they all ultimately address the same issue: whether trial counsel was ineffective for failing to litigate a hypothetical suppression motion, where Chantal Randolph would be called as a witness for the purpose of demonstrating that she did not consent to a search of her home on January 16, 2012. Appellant believes such testimony could have resulted in the suppression of the evidence found during that search. According to the facts adduced at

Appellant's trial, the search in question unveiled a firearm used during the assault on the victims in this case, as well as clothing identified by those victims as having been worn by Appellant during that assault. **See** **Commonwealth v. Smith**, No. 1393 WDA 2012, unpublished memorandum at 1-2 (Pa. Super. filed March 12, 2013) (quoting Trial Court Opinion, 10/3/12, at 1-3).

To support his claim, Appellant provided a notarized statement, purportedly written by Randolph in 2013, "wherein [Randolph] denied voluntarily giving the police consent to search her residence on January 16, 2012, claiming instead that Uniontown and Pennsylvania state police officers violated her constitutional rights and obtained her consent to search under duress, threats and coercion." PCRA Court Opinion, 2/4/15, at 2 (citing N.T., 12/4/14, at 5-6).

Our standard of review for claims of ineffective assistance of counsel is as follows:

> It is well-settled that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. **Strickland v. Washington**, 466 U.S. 668, 687–91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This Court has described the **Strickland** standard as tripartite by dividing the performance element into two distinct components. **Commonwealth v. Pierce**, 515 Pa. 153, 527 A.2d 973, 975 (1987). Accordingly, to prove trial counsel ineffective, the petitioner must demonstrate that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. **Id.** A claim of ineffectiveness will be

denied if the petitioner's evidence fails to satisfy any one of these prongs.

***Busanet***, 54 A.3d at 45.

Here, Appellant's claim fails the first prong of the ***Pierce*** test. Appellant would not have been entitled to suppression of the fruits of the search of Randolph's home, even if Appellant's trial counsel had called her to testify at a suppression hearing seeking such relief.

"[T]he Fourth Amendment does not shield only those who have title to the searched premises." ***Commonwealth v. Ferretti***, 577 A.2d 1375, 1377 (Pa. Super. 1990). However, a "defendant must establish more than just a subjective expectation of freedom from intrusion[.]" ***Commonwealth v. Gordon***, 683 A.2d 253, 256 (Pa. 1996). Thus, to prevail on a motion to suppress, a defendant must demonstrate a legitimate privacy interest in the area searched. ***See Commonwealth v. Burton***, 973 A.2d 428, 434 (Pa. Super. 2009).[2] To determine "whether a defendant has a legitimate expectation of privacy in another person's home[,]" a court should consider, at a minimum, the following factors:

> (1) possession of a key to the premises; (2) having unlimited access to the premises; (3) storing of clothing or other possessions on the premises; (4) involvement in illegal activities

---

[2] This is a distinct question from whether a defendant has standing to file a suppression motion. In Pennsylvania, a defendant "charged with possessory crimes … ha[s] automatic standing to litigate his suppression motion." ***Commonwealth v. Bostick***, 958 A.2d 543, 552 (Pa. Super. 2008). Thus, Appellant at least had standing to file a suppression motion seeking to exclude the firearm he was convicted of possessing.

conducted on the premises; (5) ability to exclude other persons from the premises; and (6) expression of a subjective expectation of privacy in the premises.

*Commonwealth v. Govens*, 632 A.2d 1316, 1319 (Pa. Super. 1993).

In his brief, Appellant fails to assert any basis on which the trial court could have concluded that he had a legitimate expectation of privacy in Randolph's home. Generally speaking, "a casual visitor who is merely present in another[] person's home does not have a legitimate expectation of privacy to contest an illegal entry by police into that home." *Id.* Here, Appellant has not presented any argument that he was more than a casual visitor in Randoph's residence. Randolph's notarized statement indicates that she did not voluntarily consent to the search of her residence, but nothing in that statement tends to demonstrate or suggest that Appellant was anything more than a casual visitor in her home.[3] Consequently, Appellant has not demonstrated a legitimate privacy interest in the area he claims is protected by either his rights under the Fourth Amendment to the United States Constitution or Article I, Section 8 of the Pennsylvania Constitution.

Thus, we are constrained to conclude that Appellant has not established that he could have prevailed in a motion to suppress evidence

_____

[3] Randolph's statement does not even indicate the nature of her relationship with Appellant or similar facts from which an expectation of privacy might legitimately arise.

seized from Randolph's home. Appellant has neither identified in the record, nor provided any argument, that he possessed a legitimate expectation of privacy in Randolph's home. Therefore, Appellant's trial counsel did not provide ineffective assistance of counsel by failing to file a suppression motion on his behalf, because Appellant's suppression claim would have been meritless. *See Commonwealth v. Luster*, 71 A.3d 1029, 1052 (Pa. Super. 2013) (holding counsel "cannot be found ineffective for failing to pursue [a] baseless suppression claim"). For the same reason, Appellant's trial counsel could not have been ineffective for failing to call Randolph as a witness, as Appellant would not have been entitled to suppression of the seized evidence even if Randolph credibly testified at a suppression hearing that she had not legally consented to the search. As such, we conclude that the PCRA court's dismissal of Appellant's PCRA petition was supported by the record and free from legal error.

Order *affirmed*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/2015

- 7 -